**TORR X–RAY CORPORATION,**
**Appellant,**

v.

**SIERRA ENGINEERING COMPANY,**
**Appellee.**

**Patent Appeal No. 8944.**

United States Court of Customs and Patent Appeals.

Feb. 1, 1973.

Keith D. Beecher, Los Angeles, Cal., Jessup & Beecher, Los Angeles, Cal., attorneys of record, for appellant.

Warren L. Kern, Los Angeles, Cal., Harris, Kern, Wallen & Tinsley, Los Angeles, Cal., attorneys of record, for appellee.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE, Judges, and WATSON, Judge, United States Customs Court, sitting by designation.

RICH, Judge.

This appeal is from the decision of the Patent Office Trademark Trial and Appeal Board, abstracted at 168 USPQ 544 (1971), sustaining appellee's opposition to the registration of

for "radiographic and fluoroscopic units for the X-ray examination and inspection of electronic components and the like," serial No. 295,568, filed April 12, 1968, claiming first use in December 1967. Opposition was predicated on appellee's predecessor's registration, No. 699,784, June 21, 1960, of RADIFLO for testing apparatus for detecting fluid leakage in hermetically sealed units and the resulting likelihood of confusion,

---

1. "360" has been disclaimed.

mistake, or deception under 15 U.S.C. § 1052(d).

Appellee's priority of use having been established by its predecessor's prior registration,[2] the sole issue is whether, upon consideration of the respective marks and goods, the concurrent use of opposer's mark and appellant's mark RADI-FLUOR 360 would be "likely to cause confusion, or to cause mistake, or to deceive."

Resolving doubt in favor of appellee, as prior user, the board answered this question in the affirmative, stating:

> It thus appears that opposer's [appellee's] equipment can be used in testing electronic components. Applicant's goods may be used to provide fluoroscopic inspection or radiographic film inspection of electronic components.
>
> The goods of the parties are in the testing field and more specifically can be used to test electronic components. The goods of the parties are sold to the same class of purchasers. Under the circumstances, it would appear that the use of the same or similar marks is likely to lead to confusion.
>
> In our opinion, applicant's mark, apart from the number, which has been disclaimed, is substantially similar in sound to opposer's mark and also resembles opposer's mark in appearance.

Appellant takes issue with the board's conclusions that the marks are similar and that the goods of the parties are sold to the same class of purchasers. With respect to the marks, appellant points out that the FLUO portion of its mark is suggestive of the *fluo*rescent screen used in the apparatus on which the X-ray images appear in his apparatus, whereas the FLO portion of appellee's trademark is suggestive of the *flow* of leaking gas as tested by appellee's apparatus. With respect to the goods, appellant apparently does not specifically deny that generally the goods are sold to the same class of purchasers, but asserts that this is only because "engineering firms" would be purchasing the equipment of both parties. In fact, appellant alleges that a completely different branch of industry is concerned in the manufacture and sale of X-ray apparatus, which involves electrical components, and appellee's gas leak detection apparatus.

Appellee, on the other hand, alleges that notwithstanding the difference in connotations which may exist between the suffixes, FLUOR and FLO, similarity still exists in sound and appearance. Appellee agrees with the board that the goods of both parties are used in testing electronic components, noting specifically that appellant's fluid leak testing apparatus is used to test hermetically sealed electronic components such as semiconductors and rectifiers. Further, appellee notes that appellant's leak detection apparatus operates by introduction of a pressurized radioactive gas into the device to be tested, thus employing a radioactive source to detect a mechanical defect, just as its X-ray inspection devices do.

Having fully considered the record and briefs,[3] we are fully satisfied that the board decided the case correctly and its decision is affirmed.

Affirmed.

---

2. Affidavits under Section 8 (15 U.S.C. § 1058) and Section 15 (15 U.S.C. § 1065) have been accepted and received, respectively, by the Patent Office.

3. Neither party took testimony and certain facts were stipulated.